IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL KENNEY,
 Plaintiff,

vs.           Case No.: 3:09cv148/MCR/EMT

TRINITY SERVICE GROUP, INC, et al,
 Defendants.
_____/

**ORDER**

  Plaintiff, a pretrial detainee proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 8). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

  Plaintiff names three Defendants in this action: Trinity Service Group, Inc. ("Trinity"), Armor Correctional Health, Inc. ("Armor"), and the Escambia County Jail ("ECJ") (Doc. 1 at 1–2). In support of his claims, Plaintiff alleges the following facts. On January 14, 2009, Plaintiff slipped and fell in a freezer and landed on his back, which caused great pain.[1] Plaintiff notified Cristie Dixon of the fall and of his need for medical attention (Plaintiff does not identify Dixon's position within the ECJ). Ms. Dixon informed Plaintiff that she had to complete an incident report and that she would notify the medical department.

  Plaintiff alleges that following the fall he was in constant pain and made a number of requests to visit the medical department. For example, in addition to advising Ms. Dixon of his need for medical attention, Plaintiff alleges that he asked correctional officers to notify the medical

---

[1] All facts in this order are derived from the Statement of Facts section of Plaintiff's complaint (Doc. 1 at 5–6).

department, but they advised Plaintiff that if he completed an inmate medical request he would be seen. Plaintiff states he did complete medical requests, but given the amount of pain he was experiencing the officers should have called the medical department right away. Plaintiff, however, was not seen by the medical department for three days, and when he was seen he was provided with two doses of ibuprofen and advised that additional ibuprofen would be sent on the medical cart, but two weeks passed before Plaintiff received additional medication.

Plaintiff claims that Defendants violated his "Basic Rights" under "Article (I), Sec (2)" and subjected him to "Excessive Punishments" and "Cruel and Unusual Punishment" in violation of "Article (I), Sec (17)" (*see id.* at 7). As relief, Plaintiff seeks damages in the amount of $75,000.00 from each Defendant (Doc. 1 at 7).

Initially, the court construes Plaintiff's claims as alleging a constitutional claim of inadequate medical treatment. Plaintiff, however, has failed to state a claim upon which relief can be granted. Claims of deliberate indifference to the serious medical needs of pretrial detainees are governed by the Fourteenth Amendment's Due Process Clause rather than by the Eighth Amendment's Cruel and Unusual Punishment Clause, which governs similar claims by convicted prisoners. Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). Because the Eleventh Circuit has held "that the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner," Plaintiff's claim must be analyzed under the decisional law of both amendments. *Id.*

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted). This standard also applies

to pre-trial detainees through the Fourteenth Amendment. Aldridge v. Montgomery, 753 F.2d 970 (11th Cir. 1985); Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

Both the objective and subjective components encompass two subsidiary requirements. *Id.* at 1258. As to the objective prong, an objectively serious deprivation requires a showing of an objectively "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires a showing that the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).

Whether a government official acted in accordance with agency protocol is not relevant to the Fourteenth Amendment inquiry. *See* Andujar v. Rodriguez, 480 F.3d 1248, 1252 (11th Cir. 2007) (citing Taylor, 221 F.3d at 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not,

by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. <u>Harris v. Coweta County</u>, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. <u>Harris v. Thigpen</u>, 941 F.2d at 1507 (quoting <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." <u>Hamm</u>, 774 F.2d at 1575 (11th Cir. 1985) (quotation omitted).

In the instant case, Plaintiff does not allege a complete denial of medical care; rather, he apparently questions the timing and adequacy of the care received. Plaintiff admits he was able to see medical personnel within three days of his fall and that he received medication for his injury, but he takes issue with the fact that it was three days before he was seen and two weeks before he received additional medication. The fact that Plaintiff did not receive treatment and medication as quickly as he desired does not support constitutional claim.

Initially, Plaintiff's facts do not establish that the delay in receiving treatment and medication placed him at risk of serious harm. Furthermore, even if the delay placed Plaintiff at risk of serious harm, Plaintiff has not alleged that <u>any named Defendant</u> knew of and disregarded that risk. Indeed, the only person mentioned in Plaintiff's complaint is Ms. Dixon, and she is not named as a Defendant. Moreover, even if she was named as a Defendant, Plaintiff's facts suggest that she notified the medical department of Plaintiff's fall as Plaintiff requested. Further, Plaintiff has not alleged that Ms. Dixon had the authority to admit Plaintiff to the medical department or that she knew the medical department did not see Plaintiff for three days. To the contrary, Plaintiff's facts suggest that Ms. Dixon did all that she could do by creating an incident report and notifying the medical department of Plaintiff's fall. Thus, unless Plaintiff alleges facts showing that <u>a named Defendant</u> knew that failure to provide immediate treatment and medication to Plaintiff placed him at serious risk of substantial harm, and the risk was disregarded, Plaintiff cannot establish a constitutional claim. If such facts do exist and are alleged, Plaintiff should bring his claim(s) under

the Fourteenth Amendment Due Process Clause, as explained *supra*, and Plaintiff should name as Defendants those persons responsible for the delay in providing medical care.

Additionally, to the extent Plaintiff names the ECJ as a Defendant, Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff. *See* Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (same); Avant v. Rice, 1992 WL 359633, at *6 (M.D. Fla. Nov. 19, 1992) (unpublished opinion) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (same). For claims against a sheriff's department or a county jail, the appropriate defendant is the Sheriff in his official capacity. *See* Mitchell v. Untreiner, 421 F. Supp. 886, 888 (N.D. Fla. 1976) (referring to Sheriff of Escambia County, Florida as "the Chief Jailer of the Escambia County Jail"); Avant, 1992 WL 359633, at *6; Hobbs, No. 5:04cv82/RH, Doc. 10 at 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity."). Therefore, in amending Plaintiff should delete the ECJ as a Defendant in this action

Furthermore, Plaintiff has failed to state a basis for liability as to Defendants Trinity and Armor. Although Plaintiff lists these entities as Defendants (*see* Doc. 1 at 1–2), he does not mention either Defendant in the Statement of Facts or Statement of Claims sections of the complaint form (*see id.* at 5–7). Plaintiff is advised that unless he is able to clearly describe how each named Defendant was involved in each alleged constitutional violation, he should drop the individual as a Defendant.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their

names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

      Accordingly, it is **ORDERED**:

      1.    The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

      2.    Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form. In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

      3.    Failure to comply with this order may result in dismissal of this action.

      **DONE AND ORDERED** this 1st day of July 2009.


                                  */s/ Elizabeth M. Timothy*
                                  **ELIZABETH M. TIMOTHY**
                                  **UNITED STATES MAGISTRATE JUDGE**